# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOSE MANUEL RANEDA,**
        **Plaintiff,**

    v.                                            **Case No. 06C0057**

**AURORA HEALTHCARE, INC.,**
        **Involuntary Plaintiff,**

    v.

**UNITED HEALTHCARE INSURANCE COMPANY,**[1]
        **Defendant.**

---

## DECISION AND ORDER

In December 2004, plaintiff suffered a heart attack and was treated at a hospital operated by Aurora Health Care, Inc. ("Aurora"), where he incurred expenses of about $35,000. Plaintiff's health insurer, defendant United HealthCare Insurance Company, paid about $23,000 of his bill but, notwithstanding plaintiff's requests, declined to pay the balance. As a result, Aurora referred the matter to a collection agency, which dunned plaintiff for payment. In December 2005, plaintiff sued defendant in state court, alleging claims for (1) breach of insurance agreement; (2) bad faith; and (3) intentional damage to credit reputation/defamation. In the suit, plaintiff named Aurora as an involuntary plaintiff. Defendant timely removed the case based on the presence of a federal question. Defendant also paid the balance of plaintiff's bill, and, as a result, the parties agree that

---

[1] Plaintiff incorrectly identified defendant, and I have amended the caption to reflect defendant's correct name.

plaintiff's claim for breach of insurance benefits is moot. Before me now is plaintiff's motion to remand.

As the removing party, defendant has the burden of establishing federal jurisdiction. In re Application of County Collector of Winnebago, Ill., 96 F.3d 890, 895 (7th Cir. 1996). The removal statute must be strictly construed, and doubts about jurisdiction resolved in favor of remand. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993). Under 28 U.S.C. § 1441(a), removal is proper where "the district courts . . . have original jurisdiction." Under 28 U.S.C. § 1331, federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States."

Although plaintiffs are normally the masters of their own case and may choose which claims they wish to present, their power to choose their forum is not unlimited. Vorhees v. Naper Aero Club, Inc., 272 F.3d 398, 401 (7th Cir. 2001). One such limit is imposed when Congress enacts a law that is intended not merely to preempt state law but to replace it entirely. Id. When Congress enacts such a law and includes in it a cause of action for violation of the law, a state law claim which comes within the scope of the cause of action will be recharacterized as a federal claim and may be removed to federal court. Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2063 (2003). The effect of this type of statute is known as "complete" or "field" preemption. However, the term "complete preemption" is a misnomer because a statute to which it applies does not preempt state law claims so much as it occupies an entire field of law, see Lehmann v. Brown, 230 F.3d 916, 919 (7th Cir. 2000), so that "it is impossible even to frame a claim under state law," Ceres Terminals, Inc. v. Indus. Comm'n of Ill., 53 F.3d 183, 185 (7th Cir. 1995).

2

In Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58, 63-64 (1987), the Supreme Court held that benefit claims within § 502(a)[2] of the Employee Retirement Income Security Act ("ERISA") are completely preempted because Congress intended "to make all suits that are cognizable under ERISA's civil enforcement provisions federal question suits." Lister v. Stark, 890 F.2d 941, 944 (7th Cir. 1989) (citing Metro. Life Ins. Co., 481 U.S. at 66). Thus, the question of whether plaintiff's two remaining claims are completely preempted and therefore removable depends on whether such claims are "really" based on ERISA, Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1075 (7th Cir. 1992), or, in other words, whether such claims should be recharacterized as § 502(a)(1)(B) claims. Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1489 (7th Cir. 1996).

The Seventh Circuit employs a three-factor test to determine whether a purported state law claim should be recharacterized as a § 502(a) claim: (1) whether the plaintiff is eligible to bring a claim under § 502(a); (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a); and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law. Id. at 1487. Applying these factors, I conclude that plaintiff's state law bad faith and damage to reputation claims must be recharacterized as ERISA claims.

---

[2]Section 502(a) provides: "A civil action may be brought– (1) by a participant or beneficiary– (A) for the relief provided for in subsection (c) of this section, or (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a).

3

First, as a participant in an employee benefit plan, plaintiff was eligible to bring a § 502(a) claim. 29 U.S.C. § 1132(a)(1)(b).

Second, the basis for both plaintiff's bad faith and injury to reputation claims is that defendant did not timely pay plaintiff's medical bills. Thus, both claims concern plaintiff's "rights 'to recover benefits' due to [him] under the terms of [his] plan.'" Klassy v. Physicians Plus Ins. Co., 371 F.3d 952, 955 (7th Cir. 2004) (quoting 29 U.S.C. § 1132(a)(1)(b)); see also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56 (1986) (stating that in ERISA, Congress made "clear its intention that all suits brought by beneficiaries or participants asserting improper processing of claims under ERISA-regulated plans be treated as federal questions governed by § 502(a)"). Plaintiff's state law claims both turn on whether defendant improperly processed his claim for benefits. See also Aetna Health Inc. v. Davila, 542 U.S. 200, 201 (2004) (stating that where

> an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls 'within the scope of' ERISA § 502(a)(1)(b)).

In the present case, neither of plaintiff's claims implicate legal duties that arise independently of ERISA or the plan terms. Although under Wisconsin law, the bad-faith handling of an insurance claim is a tort, "'the insured's right to be treated fairly . . . is rooted in the contract of insurance to which he and the insurer are parties.'" Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 217 n.11 (1984) (quoting Kranzush v. Badger State Mut. Cas. Co., 103 Wis. 2d 56, 64 (1981)). Nor does plaintiff's damage to reputation claim implicate a legal duty independent of ERISA or plaintiff's plan because the basis for the claim is that

4

First, as a participant in an employee benefit plan, plaintiff was eligible to bring a § 502(a) claim. 29 U.S.C. § 1132(a)(1)(b).

Second, the basis for both plaintiff's bad faith and injury to reputation claims is that defendant did not timely pay plaintiff's medical bills. Thus, both claims concern plaintiff's "rights 'to recover benefits' due to [him] under the terms of [his] plan.'" Klassy v. Physicians Plus Ins. Co., 371 F.3d 952, 955 (7th Cir. 2004) (quoting 29 U.S.C. § 1132(a)(1)(b)); see also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56 (1986) (stating that in ERISA, Congress made "clear its intention that all suits brought by beneficiaries or participants asserting improper processing of claims under ERISA-regulated plans be treated as federal questions governed by § 502(a)"). Plaintiff's state law claims both turn on whether defendant improperly processed his claim for benefits. See also Aetna Health Inc. v. Davila, 542 U.S. 200, 201 (2004) (stating that where

> an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls 'within the scope of' ERISA § 502(a)(1)(b)).

In the present case, neither of plaintiff's claims implicate legal duties that arise independently of ERISA or the plan terms. Although under Wisconsin law, the bad-faith handling of an insurance claim is a tort, "'the insured's right to be treated fairly . . . is rooted in the contract of insurance to which he and the insurer are parties.'" Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 217 n.11 (1984) (quoting Kranzush v. Badger State Mut. Cas. Co., 103 Wis. 2d 56, 64 (1981)). Nor does plaintiff's damage to reputation claim implicate a legal duty independent of ERISA or plaintiff's plan because the basis for the claim is that

4

defendant failed to fulfill its legal duty to timely pay plaintiff's hospital bill. Thus, the second prong of the Jass test is also satisfied.

The third element of the Jass test is satisfied because plaintiff's state law claims cannot be resolved without interpreting plaintiff's ERISA plan. This is so because the merits of both of plaintiff's claims depend on whether defendant was obligated to pay some or all of plaintiff's medical bills and in what time frame. These questions can only be answered by referring to plaintiff's plan.

Therefore, plaintiff's claims are completely preempted and must be recharacterized as claims brought under § 502(a) of ERISA. Accordingly, the case is removable.

Plaintiff also asks me to remand because defendant did not "promptly" notify Aurora of the removal pursuant to 28 U.S.C. § 1446(b). However, this argument fails for several reasons. First, Aurora is not properly joined as an involuntary plaintiff. A party may be made an involuntary plaintiff only if it is beyond the jurisdiction of the court and is notified of the action but refuses to join. Balistreri v. Richard E. Jacobs Group, Inc., 221 F.R.D. 602, 604 (E.D. Wis. 2004). In the present case, Aurora is within the jurisdiction of the court, and plaintiff provides no evidence that it notified Aurora of the action or that Aurora refused to join. Second Aurora has never appeared in the case. Third, assuming arguendo that Aurora previously had an interest in the case, it has none now.

Therefore, for the reasons stated,

**IT IS ORDERED** that plaintiff's motion to remand is **DENIED.**

Dated at Milwaukee, Wisconsin this 22 day of June, 2006.

/s_____
LYNN ADELMAN
District Judge